IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANTANDER CONSUMER USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE COUNTY OF SUFFOLK, <br><br> Defendant. | CIVIL ACTION NO: <br><br> **COMPLAINT** |

Plaintiff, Santander Consumer USA, Inc. alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings a declaratory judgment/civil rights action pursuant to 42 U.S.C. §1983 and §1988 for deprivation of Plaintiff's rights secured by the Fourteenth Amendment to the United States Constitution.

2. Jurisdiction is conferred on this Court by 28 U.S.C. §§1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in the Court for all suits brought pursuant to 42 U.S.C. §1983.

3. Jurisdiction is conferred on this Court by 28 U.S.C. §1331 because the cause of action rises under the Constitution and laws of the United States.

4. The supplemental jurisdiction of the District Court is invoked pursuant to 28 U.S.C. §1367 for inter-related state law claims which arise from the occurrences giving rise to the Federal claims and which have a common nucleus of operative fact.

5. Venue lies in the Court pursuant to 28 U.S.C. §1391.

## PARTIES

6. Plaintiff Santander Consumer USA, Inc. ("SANTANDER") is a corporation organized and existing by virtue of laws of the State of Delaware and the holder of the duly recorded lien and security interest in a 2015 Chrysler 200 vehicle identification number 1C3CCCAB9FN697738 ("The Subject Vehicle"). SANTANDER uses the trade names Chrysler Capital in its regular business, which includes providing financing for the purchase of Chrysler and other automobiles.

7. Defendant The County of Suffolk (hereinafter "SUFFOLK") is a municipal corporation organized and existing under the laws of the State of New York.

## INTRODUCTION

8. SUFFOLK summarily deprived SANTANDER of its rights in The Subject Vehicle (which SUFFOLK had seized under its police power) in the following ways (collectively, "The Deprivations"):

   a. SUFFOLK refused possession to SANTANDER unless SANTANDER first executed a general release of liability in favor of Suffolk; and

   b. SUFFOLK imposed a lien on The Subject Vehicle for towing and storage fees in the initial amount of $1,300.00 which SUFFOLK later unilaterally and arbitrarily increased to $7,450.00; and

   c. SUFFOLK sold The Subject Vehicle to an unidentified third-party for the sum of $6,700.00; and

   d. SUFFOLK retained the entire $6,700.00 for its own benefit.

9. The Deprivations occurred in furtherance of SUFFOLK's established practices for handling vehicles which are not held as evidence or held for forfeiture purposes.

10. In causing The Deprivations SUFFOLK violated SANTANDER's right to Procedural Due Process because SUFFOLK has no procedure whereby a person with an interest in

a seized vehicle is afforded the opportunity for a hearing before an impartial decision-maker with adequate notice, whereat the interested person can protect its interest by challenging any of The Deprivations or by recovering possession of the impacted vehicle.

11. In causing The Deprivations SUFFOLK violated SANTANDER's right to Procedural Due Process because SUFFOLK has no procedure for providing notice of methods by which an interested person may recover a seized vehicle.

12. In causing deprivation of SANTANDER's right to take possession of The Subject Vehicle by conditional return upon SANTANDER executing a general release of liability in SUFFOLK's favor, SUFFOLK violated SANTANDER's right to substantive Due Process.

13. SUFFOLK's failure to have a hearing procedures (with concomitant notice) whereby a person with an interest in a seized vehicle may reclaim that vehicle ensures that there is a denial of Due Process every time SUFFOLK retains possession of a vehicle for reasons other than evidence or forfeiture.

## FACTS COMMON TO ALL COUNTS

14. On or about April 15, 2015, SANTANDER obtained a purchase money security interest and lien in The Subject Vehicle.

15. On May 12, 2015, The Subject Vehicle was officially titled in the State of Florida with Z Tron Chargers LLC recorded as the owner and Chrysler Capital recorded as the first priority lienholder.

16. On or about August 26, 2016 SUFFOLK took possession and custody of The Subject Vehicle pursuant to SUFFOLK's police officers acting in the course of their duties as law enforcement officers.

17. From August 26, 2016 through at least October 20, 2018, SUFFOLK maintained exclusive custody and control of The Subject Vehicle.

18. During the period of August 26, 2016 through October 20, 2018, SUFFOLK did not hold The Subject Vehicle for forfeiture.

19. The Suffolk County District Attorney did not obtain a retention order or any other judicial directive relative to The Subject Vehicle.

20. On April 9, 2018, SUFFOLK's Law Department emailed SANTANDER's Counsel and advised that in order to recover possession of The Subject Vehicle, SANTANDER must comply with two conditions:

   a. pay $1,300.00 to SUFFOLK for storage fees; and

   b. execute a general release of liability in favor of SUFFOLK.

21. SUFFOLK's conditioning release of The Subject Vehicle upon payment of storage fees and upon execution of a general release of liability in favor of SUFFOLK were both consistent with and/or part of SUFFOLK's regular practice for release of vehicles which are not held for evidence or forfeiture.

22. SUFFOLK does not have a procedure for allowing a hearing to persons who wish to recover a seized vehicle without first complying with SUFFOLK's conditions of payment and execution of a general release of liability.

23. SUFFOLK does not have a procedure for notifying persons of alternative methods for recovering a seized vehicle other than compliance with SUFFOLK's conditions of payment and execution of a general release of liability.

24. SANTANDER refused to comply with SUFFOLK's conditions for release of The Subject Vehicle as described in an April 9, 2018 email from SUFFOLK, requesting that SUFFOLK instead to file a lawsuit to resolve the dispute.

25. Between April 9, 2018 and October 20, 2018 SANTANDER's Counsel e-mailed SUFFOLK several times to inquire about the filing of a lawsuit.

26. SUFFOLK never filed any lawsuit relating to The Subject Vehicle nor did SUFFOLK schedule any other hearing before an impartial decision-maker relative to The Subject Vehicle.

27. On October 20, 2018, SUFFOLK purportedly sold The Subject Vehicle for the sum of $6,700.00 without first notifying Santander.

28. SUFFOLK retained the $6,700.00 for its own purposes.

## CAUSES OF ACTION

### COUNT I
**Violation of Civil Rights Pursuant to title 42 U.S.C. §1983**
**(Deprivation of Property Without Due Process of Law)**

29. SANTANDER realleges and incorporates herein by reference the allegations set forth in the above paragraphs of the complaint.

30. Prior to SUFFOLK's involvement with The Subject Vehicle SANTANDER held the duly recorded lien interest in The Subject Vehicle.

31. SANTANDER had the immediate right to take possession of The Subject Vehicle pursuant to the terms of SANTANDER's security interest.

32. SUFFOLK acted under color of state law to deprive SANTANDER of valuable property interests in the following ways:

a. SUFFOLK refused possession to SANTANDER unless SANTANDER first executed a general release of liability in favor of SUFFOLK; and

b. SUFFOLK imposed a lien on The Subject Vehicle for towing and storage fees in the initial amount of $1,300.00 which SUFFOLK later unilaterally and arbitrarily increased to $7,450.00; and

c. SUFFOLK sold The Subject Vehicle to an unidentified third-party for the sum of $6,700.00; and

d. SUFFOLK retained the entire $6,700.00 for its own benefit.

33. SUFFOLK's conduct in causing such deprivations violated SANTANDER's right to Due Process under the Fourteenth Amendment of the United States Constitution because:

a. SUFFOLK has no procedure whereby SANTANDER (or any person with an interest in a seized vehicle) could have been afforded the opportunity for a hearing before an impartial decision-maker, with adequate notice, whereat SANTANDER or any other interested person could protect its interest by challenging the deprivation of property or by recovering the impacted vehicle; and

b. SUFFOLK has no procedure for notifying SANTANDER of methods which could be utilized to recover The Subject Vehicle; and

c. SUFFOLK's refusal to release The Subject Vehicle to SANTANDER unless SANTANDER executed a general release of liability in SUFFOLK's favor was without any reasonably acceptable justification.

34. SUFFOLK knew or should have known that it was unlawful and unconstitutional to deny possession, assert a lien for towing and storage fees, sell the vehicle, and keep the proceeds where notice and a hearing upon the validity of such deprivations had not been afforded to the persons with property interest in The Subject Vehicle.

35. As a direct and proximate result of SUFFOLK's violation of SANTANDER's rights to Due Process under the Fourteenth Amendment to the United States Constitution SANTANDER has suffered general and special monetary damages based upon the lost value of The Subject

Vehicle, the income stream due to SANTANDER relative thereto and the sales proceeds and is entitled to relief under 42 U.S.C. §1983.

36. The conduct of SUFFOLK in not seeking to have a prompt impartial review of its detention, lien sale and conversion of proceeds thereof was consistent with and part of the standard procedure and policy utilized by SUFFOLK for vehicles not held for evidence or forfeiture.

37. The conduct of SUFFOLK in refusing to release The Subject Vehicle to SANTANDER unless SANTANDER executed a general release of all liability to SUFFOLK is consistent with and part of the standard procedure and policy utilized by SUFFOLK.

38. SUFFOLK does not maintain any procedural mechanism for providing hearings after seizure of vehicles not held for evidence or forfeiture to parties holding interests in such seized vehicles.

39. The failure by official SUFFOLK policy makers to properly train or supervise subordinates regarding the process due in conjunction with the seizure, detention and assertion of charges and liens against vehicles, and sales thereof, is contrary to well-settled constitutional law, as made clear by numerous controlling court decisions, including but not limited to:

   a. Ford Motor Credit Co. v NYC Police, 503 F.$^{3d}$ 186 (2nd Cir. 2007); holding that lienholders have Due Process rights;

   b. County of Nassau v Canavan, 1 NY$^{3d}$ 134, 145 (2003), holding that Due Process requires a hearing pendent lite where the government asserts a financial interest in a vehicle;

   c. Krimstock v Kelly, 464 F.$^{3d}$ 246 (2nd Cir. 2006), holding that Due Process requires a hearing where a vehicle is held as evidence of a crime.

SUFFOLK policy makers' failure to train or supervise subordinates in the face of this law amounts to deliberate indifference to the rights of persons who have interests in vehicles that are seized, detained, subjected to charges and liened by and sold by SUFFOLK.

40. But for SUFFOLK'S deprivational policy, decisions, practices and failures above described, SANTANDER would have had the right to recover and would have recovered The Subject Vehicle without delay or with minimal delay by reason of measures that preserve legitimate interests but are less intrusive than continued detention of the vehicle, without incurring liability for or loss due to towing and storage charges impressed *ex parte*, and without incurring liability for or loss due to further storage charges continually accruing daily, and without loss of lien priority to the claim asserted by SUFFOLK against The Subject Vehicle.

## COUNT II
### Violation of New York Constitution Article I, Sec. 6
### (Deprivation of Property Without Due Process of Law)

41. SANTANDER realleges and incorporates herein by reference the allegations set forth in the above paragraphs of the complaint.

42. Prior to SUFFOLK's involvement with The Subject Vehicle SANTANDER held the duly recorded lien interest in The Subject Vehicle.

43. SANTANDER had the immediate right to take possession of The Subject Vehicle pursuant to the terms of SANTANDER's security interest.

44. SUFFOLK acted under color of state law to deprive SANTANDER of valuable property interests in the following ways:

   a. SUFFOLK refused possession to SANTANDER unless SANTANDER first executed a general release of liability in favor of SUFFOLK; and

   b. SUFFOLK imposed a lien on The Subject Vehicle for towing and storage fees in the initial amount of $1,300.00 which SUFFOLK later unilaterally and arbitrarily increased to $7,450.00; and

   c. SUFFOLK sold The Subject Vehicle to an unidentified third-party for the sum of $6,700.00; and

   d. SUFFOLK retained the entire $6,700.00 for its own benefit.

45. SUFFOLK's conduct in causing such deprivations violated SANTANDER's right to Due Process Article I, Section 6 of the New York State Constitution because:

   a. SUFFOLK's has no procedure whereby SANTANDER (or any person with an interest in a seized vehicle) could have been afforded the opportunity for a hearing before an impartial decision-maker, with adequate notice, whereat SANTANDER or any other interested person could protect its interest by challenging the deprivation of property or by recovering the impacted vehicle; and

   b. SUFFOLK has no procedure for notifying SANTANDER of methods which could be utilized to recover The Subject Vehicle; and

   c. SUFFOLK's refusal to release The Subject Vehicle to SANTANDER unless SANTANDER executed a general release of liability in SUFFOLK's favor was without any reasonably acceptable justification.

46. SUFFOLK knew or should have known that it was unlawful and unconstitutional to deny possession, assert a lien for towing and storage fees and sell the vehicle and keep the proceeds where notice and a hearing upon the validity of such deprivations had not been afforded to the persons with property interest in The Subject Vehicle.

47. As a direct and proximate result of SUFFOLK's violation of SANTANDER's rights to Due Process under Article I, Section 6, of the New York State Constitution SANTANDER has suffered general and special monetary damages based upon the lost value of The Subject Vehicle, the income stream due to SANTANDER relative thereto and the sales proceeds and is entitled to relief.

48. The conduct of SUFFOLK in not seeking to have a prompt impartial review of its detention, liening, sale and conversion of proceeds thereof was consistent with and part of the standard procedure and policy utilized by SUFFOLK for vehicle not held for evidence on forfeiture.

49. The conduct of SUFFOLK in refusing to release The Subject Vehicle to SANTANDER unless SANTANDER executed a general release of all liability to SUFFOLK is consistent with and part of the standard procedure and policy utilized by SUFFOLK.

50. SUFFOLK does not maintain any procedural mechanism for providing hearings after seizure of vehicles not held for evidence or forfeiture to parties holding interests in such seized vehicles.

51. The failure by official SUFFOLK policy makers to properly train or supervise subordinates regarding the process due in conjunction with the seizure, detention and assertion of charges and liens against vehicles, and sales thereof is contrary to well-settled constitutional law as made clear by numerous controlling court decisions, including but not limited to:

   a. Ford Motor Credit Co. v NYC Police, 503 F.$^{3d}$ 186 (2nd Cir. 2007); holding that lienholders have Due Process rights;

   b. County of Nassau v Canavan, 1 NY$^{3d}$ 134, 145 (2003), holding that Due Process requires a hearing pendent lite where the government asserts a financial interest in a vehicle;

   c. Krimstock v Kelly, 464 F.$^{3d}$ 246 (2nd Cir. 2006), holding that Due Process requires a hearing where a vehicle is held as evidence of a crime.

SUFFOLK policy makers' failure to train or supervise subordinates in the face of this law amounts to deliberate indifference to the rights of persons who have interests in vehicles that are seized, detained, subjected to charges and liened by and sold by SUFFOLK.

52. But for SUFFOLK'S deprivational policy, decisions, practices and failures above described, SANTANDER would have had the right to recover and would have recovered The Subject Vehicle: without delay or with minimal delay by reason of measures that preserve legitimate interests but are less intrusive than continued detention of the vehicle, such as release upon bond; without incurring liability for or loss due to towing and storage charges impressed ex

parte; and without incurring liability for or loss due to further storage charges continually accruing daily and without loss of lien priority to the claim asserted by SUFFOLK against The Subject Vehicle.

### COUNT III
### Declaratory Relief

53. SANTANDER realleges and incorporates herein by reference the allegations set forth in the above paragraphs of the complaint.

54. An actual controversy has arisen and now exists between SANTANDER and SUFFOLK warranting declaratory relief pursuant to 28 U.S.C. 2201.

55. SANTANDER seeks a declaration that SUFFOLK's conduct giving rise to The Deprivations violated SANTANDER's right to Due Process under the Constitutions of the United States and New York State.

56. SANTANDER seeks a declaration that SUFFOLK is liable to SANTANDER pursuant to 42 U.S.C 1983 and 42 U.S.C 1988 for all damages and attorney's fees suffered and incurred by SANTANDER.

### COUNT IV
### CONVERSION UNDER NEW YORK STATE LAW

57. SANTANDER realleges and incorporates herein by reference the allegations set forth in the above paragraphs of the complaint.

58. SUFFOLK exercised unlawful dominion and control of The Subject Vehicle to the exclusion of SANTANDER's rights when it conditioned release of the vehicle upon Santander paying off a lien for unwarranted storage fees and upon SANTANDER executing a general release of liability in favor of SUFFOLK.

59. SUFFOLK exercised unlawful dominion and control over The Subject Vehicle to the exclusion of SANTANDER's right when SUFFOLK sold the vehicle.

60. SUFFOLK exercised unlawful dominion and control over the $6,700.00 which SUFFOLK obtained from selling the vehicle when SUFFOLK retained said funds instead of remitting same to SANTANDER.

61. SUFFOLK's acts of conversion as indicated caused SANTANDER actual damages, as well as attorney's fees.

### PRAYERS FOR RELIEF

**WHEREFORE,** SANTANDER requests that this Court:

a. Grant judgment in favor of SANTANDER and against SUFFOLK on all causes of action asserted herein;

b. Declare that SUFFOLK violated SANTANDER's Due Process rights under the United States and New York State Constitutions;

c. Award SANTANDER nominal damages and actual damages to SANTANDER;

d. Award SANTANDER the cost of prosecuting this action together with attorney's fees pursuant to 42 U.S.C. §1988; and

e. Award such other and different relief that the Court, in the exercise of its discretion, deems just and proper.

Dated: New York, New York
January 11, 2019

**Norris McLaughlin, P.A.**

By: */s/ Nicholas Duston*
Nicholas A. Duston
875 Third Ave., 8th Floor
New York, NY 10022
212-808-0700
naduston@norris-law.com
*Counsel for Santander Consumer USA, Inc.*